THE LENTZ LAW FIRM, P.C.
Jacek W. Lentz (State Bar No. 213198)
9171 Wilshire Blvd., Suite 500
Beverly Hills, CA 90210
Telephone: (213) 250 - 9200
Facsimile: (888) 571 - 5591
Email: jwl@lentzlawfirm.com

Attorneys for Claimants
Sergey Mirumyan and Mary Arakelyan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>     v.<br><br><br>$400,000 in U.S. Currency,<br><br>                              Defendant(s). | Case No. 2:21-cv-07153<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR TRIAL BY JURY BY CLAIMANTS SERGEY MIRUMYAN AND MARY ARAKELYAN** |

TO THE HONORABLE COURT AND THE OFFICE OF THE UNITED STATES ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA:

   Claimants Sergey Mirumyan and Mary Arakelyan (the "Claimants") hereby answers the Plaintiff's Complaint For Forfeiture In Rem (the "Complaint") as follows:

   Claimants reserve the right to supplement and amend this Answer as necessary as matters develop through discovery of certain facts and circumstances regarding the Complaint and specifically reserves his right to file any applicable counterclaims.  Any and all allegations contained in the Complaint and not explicitly admitted herein, are to be deemed denied.

Please take notice that Claimants demand trial by jury of the issues and defenses raised by Claimants' claims and this answer.

1. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 1 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 1.

2. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 2 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 2.

3. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 3 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 3.

4. Claimants admit all allegations contained in Paragraph 4 of the Complaint.

5. Claimants admit all allegations contained in Paragraph 5 of the Complaint.

6. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 6 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 6.

7. Claimants admit all allegations contained in Paragraph 7 of the Complaint.

8. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 8 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 8.

9. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 9 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 9.

10. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 10 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 10.

11. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 11 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 11.

12. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 12 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 12.

13. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 13 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 13.

14. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 14 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 14.

15. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 15 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 15.

16. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 16 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 16.

17. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 6 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 6.

18. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 18 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 18.

19. Claimants deny all allegations contained in Paragraph 19 of the Complaint.

20. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 20 of the Complaint

and, therefore, generally and specifically deny all the allegations in Paragraph 20.

21. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 21 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 21.

22. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 22 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 22.

23. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 24 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 24.

24. Claimants lack knowledge, information or recollection sufficient to form a belief as to the truth of all the allegations contained in Paragraph 24 of the Complaint and, therefore, generally and specifically deny all the allegations in Paragraph 24.

## AFFIRMATIVE DEFENSES

25. Claimants repeat the denials and affirmations of the allegations set forth in paragraphs 1 through 24 of this Answer, as though fully set forth here.  In addition, Claimants raise the following numbered defenses to the Complaint.

## FIRST DEFENSE

26. The Complaint, and each purported claim for relief, fails to state facts sufficient to constitute claim(s) upon which relief can be granted to defeat Claimants' claims to subject property or properties.

## SECOND DEFENSE

27. The Plaintiff lacks probable cause for belief that a substantial connection exists between the property or properties sought to be forfeited and any unlawful conduct.

### THIRD DEFENSE

28. This Court lacks jurisdiction over the defendant property or properties or this action, and venue in any forum, is improper and inconvenient.

### FOURTH DEFENSE

29. The evidence seized during the search and all evidence obtained as a result of the seizure of the defendant property must be suppressed as the fruit of an unreasonable search and seizure and unlawful deprivation of private property under the Fourth Amendment to the United States Constitution and *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693 (1965).*

### FIFTH DEFENSE

30. The forfeiture of the defendant property or properties, in addition to any criminal punishment, fines and assets that may be forfeited would be a grossly disproportionate and excessive punishment in violation of the Eight Amendment's Excessive Fines Clause, and *Austin v. United States, 509 U.S. 602 (1993).*

### SIXTH DEFENSE

31. Plaintiff has failed to comply with several statutory notice requirements,

which, among other legal consequences, make the Complaint void and null.

**SEVENTH DEFENSE**

32. Without waiving any defense asserted above, Claimants further assert that defendant property or properties are not subject to forfeiture on the basis that any act or omission, if any, on the part of any other individual that would potentially give rise to forfeiture of the defendant properties, was committed or omitted without the knowledge or consent of the Claimant.

WHEREFORE, Claimant prays that the Honorable Court will:

1. Dismiss the Complaint and enter judgment on behalf of the Claimants and that Plaintiff take nothing by reason of this suit;
2. Deny issuance of a certificate of reasonable cause pursuant to 28 U.S.C. Section 2465 and award costs and attorney's fees to the Claimants; and
3. Provide such other and further relief, both legal and equitable, as the Court deems proper and just.

DATED: November 29, 2021

Respectfully submitted,

/S/

By: _____
Jacek W. Lentz
THE LENTZ LAW FIRM, P.C.
Attorneys for Claimants
Sergey Mirumyan and Mary Arakelyan

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ANSWER TO COMPLAINT FOR FORFEITURE IN REM**   -7-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28